MIGUEL AMENGUAR, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. 1.   Argued November 4, 1935.—Decided November 6, 1935.

*V. Polanco de Jesús* for appellant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is the first proceeding for review by this Supreme Court of a decision of the Industrial Commission, instituted under section 11 of Act No. 45 of 1935, being an act to promote the welfare of the inhabitants of Puerto Rico in or regarding accidents causing death or injuries, or diseases, or death caused by the occupation of the workmen in the course of their employment.   Said section reads as follows:

"Section 11.—Any interested party may present certified copies of an order or decision of the Industrial Commission, in accordance with this Act, against which a petition for review has been filed and

a decision rendered thereon, a review of which before the Supreme Court of Puerto Rico may be requested within the term of fifteen (15) days after notification thereof; *Provided,* That said review may be granted only on questions of law.''

The act which formerly governed this matter, namely, Act No. 85 of 1928, section 15 (Session Laws, pp. 630, 656), authorized such a review by the district court for the district in which the accident occurred, and expressly provided that ''Decisions of the court shall have the same effect as a judgment rendered in a trial, but there shall be no appeal therefrom.''

The Legislature changed the procedure not only as regards the court by which the review was to be made, but also as regards the scope of such review, and in addition it provided as a prerequisite to the institution of the proceeding that the commission should have been requested to reconsider its order or decision, thus affording to it another opportunity to examine tñe case before the jurisdiction thereof should be transferred to this court.

Section 15 of the cited Act No. 85 of 1928 provided that:

''Within ten days after the service of notice, any party in interest may present certified copies of an order or decision of the Industrial Commission or of a decision of a commissioner from which no claim for review has been filed with the Commission within the time allowed therefor, or of a memorandum of agreement between the parties approved by the Industrial Commission, to the district court for the district in which the accident occurred with a petition for review, whereupon said court shall order the Industrial Commission to forward the record in the case, shall hear the parties to the controversy, shall render proper decision, and shall notify the parties.''

Construing the above legal provisions this Supreme Court, in *Great Am. Ind. Co.* v. *District Court,* 47 P.R.R. 882, 884, said:

''What the employer and its insurer maintain is that the District Court of Humacao was precluded from passing upon the evidence

that the Industrial Commission had before it in order to make its own findings. We understand this contention in the sense that the district court lacked jurisdiction to review the evidence submitted to the Industrial Commission, and hence to arrive at a different conclusion from that reached by a majority of the commission. However, this question has already been decided by us contrary to the contention of the petitioners. In the cases of *White Star Bus Line, Inc.* v. *District Court,* 41 P.R.R. 527; *Robles* v. *District Court,* 43 P.R.R. 266 and *Robles* v. *District Court,* 44 P.R.R. 940, we have held that the court may review the evidence and render the decision that the Industrial Commission should have rendered."

At the present time, it is expressly provided by statute that "said review may be granted only on questions of law."

Let us see, in the light of the foregoing, whether a review lies in the instant case.

The petitioner maintains that the decision of the Industrial Commission is erroneous on the following grounds:

"A. That the decision of the commission is based on a report and opinion of the Judge of the Municipal Court of Ciales, instead of being based on the testimony of the witnesses who appeared before the commission at the two hearing held in this case.

"B. That although the commission says:

" 'We have heard all the witnesses testify and we are of opinion, and hereby decide, that Miguel Amenguar was not a workman at the service of the employer Succession of Arturo Súñez on May 30, 1933, and that the accident suffered by Miguel Amenguar on May 30, 1933, was not one resulting from his work.'

"However, the commission had no other evidence before it than the testimonial evidence submitted by the workman at the first hearing of the case on August 24, 1934, which was direct evidence of all the facts, while that which the commission had before it on September 23, 1935, consisting in the affidavits made by Tomás López, Jr., Juan Pagán Carrer, Martín Barrios, Ceferino Marrero Arvelo, and Don Sabás Honoré, is all of it evidence of statements made by other persons, of sayings, of conclusions, and it is not even circumstantial evidence.

"C. That the decision is contrary to the evidence inasmuch as direct evidence of the facts, which has not been contradicted nor

claimed to be untrue, has been rejected and credence has been given to witnesses who did not see the facts and who merely testified from hearsay.''

All the force attaching to what is set forth in paragraph A for the purpose of raising a question of law, is destroyed by what is stated in paragraph B. And as to the ground C, it will suffice to say that it is clearly insufficient.

A copy of the decision of the commission, which contains a narration of the procedure followed, has been attached to the petition. If any doubt should exist after a single reading of the petition, it would disappear upon reading the decision which supplements what the petitioner says in the second error assigned.

In virtue of all the foregoing, and as it does not appear that the Industrial Commission itself was asked to reconsider the decision appealed from and that such reconsideration was denied, the decision must be affirmed.